UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUGENE HART,

          Plaintiff,

    v.

ROBERT LEE HART, et al.,

          Defendants.

Case No.  26-cv-01693-AGT

**SCREENING ORDER**

Having granted Plaintiff's *in forma pauperis* application (dkt. 4), the undersigned now screens his complaint under 28 U.S.C. § 1915(e)(2)(B) and concludes that the complaint is deficient. The complaint doesn't support federal subject-matter jurisdiction.

"Federal courts are courts of limited jurisdiction." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1056 (9th Cir. 2018). The two most common sources of federal subject-matter jurisdiction are federal question and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. The complaint doesn't present grounds for either, or identify alternative sources of jurisdiction.

The complaint concerns family disputes. Plaintiff alleges that Robert Hart, a family member, forced him to move out of their shared residence; became a father figure to Plaintiff's daughter, without Plaintiff's approval; monitored Plaintiff's relationships with women;

and perhaps gave Plaintiff bad advice about a car loan. Dkt. 1 at 3–6. No "federal question appears on the face of the complaint." *Saldana v. Glenhaven Healthcare LLC,* 27 F.4th 679, 686 (9th Cir. 2022). The only allegations even remotely connected to the federal government are that Robert Hart allegedly works for U.S. Immigration and Customs Enforcement and his wife helped Plaintiff complete a federal student loan application. *Id.* at 3–4. Plaintiff's claims, however, have nothing to do with Robert Hart's job or any immigration matter,[1] and Plaintiff hasn't identified any violations of federal law related to his student loan application, much less identified how Hart's wife would be liable. Nor does Plaintiff's general reference to unspecified "violations of human Civil Rights" create a federal question. *Id.* at 3. The Court lacks federal-question jurisdiction.

For a federal court to exercise diversity jurisdiction, the citizenship of the parties must be completely diverse and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). Complete diversity exists when no defendant is a citizen of the same state as the plaintiff. *Weeping Hollow Ave. Trust v. Spencer*, 831 F.3d 1110, 1112 (9th Cir. 2016). This standard isn't met here. Plaintiff alleges that all parties live in California. Dkt. 1 at 1–2. Because there isn't complete diversity, the Court lacks diversity jurisdiction.

Plaintiff has the burden to plead facts supporting jurisdiction. *Ashoff v. City of Ukiah*, 130 F.3d 409, 410 (9th Cir. 1997). He hasn't satisfied this burden, so his case cannot proceed. Plaintiff may file an amended complaint, on or before April 14, 2026. If he doesn't do so, or

---

[1] On the civil cover sheet, under "Nature of Suit," Plaintiff checked the box next to "Other Immigration Actions." Dkt. 1-1 at 1. Perhaps because of this selection, and because Federal Rule of Civil Procedure 5.2(c) limits public access to electronic files in immigration cases, the Clerk of the Court sealed the complaint and Plaintiff's *in forma pauperis* application and issued an Immigration Mandamus Case Procedural Order. Dkts. 1–3. Plaintiff's case isn't an immigration case. The Court therefore requests that the Clerk of the Court unseal Plaintiff's filings and vacate the Immigration Mandamus Case Procedural Order.

if he files an amended complaint that fails to establish subject-matter jurisdiction, the under-signed will recommend that a district judge dismiss his case.

**IT IS SO ORDERED.**

Dated: March 24, 2026

Alex G. Tse
United States Magistrate Judge